J-S22028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　:　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　:　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　:
　　　　　　　v.　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
CALVIN TERRELL CHARLES　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　　Appellant　　　　　　:　　No. 114 MDA 2021

Appeal from the Judgment of Sentence Entered December 17, 2019
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0000936-2018

BEFORE:   PANELLA, P.J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:　　　　**FILED: AUGUST 16, 2021**

Calvin Terrell Charles (Appellant) appeals from the judgment of sentence entered in the Lycoming County Court of Common Pleas, following his conviction of three counts of delivery of a controlled substance/crack-cocaine[1] and related offenses.  Appellant challenges the discretionary aspect of his sentencing, arguing the trial court abused its discretion by imposing the sentences consecutively, and thereby precluding his eligibility for the State Motivational Boot Camp Program.  We affirm.

The underlying facts leading to this appeal are summarized as follows. On March 21, 23, and April 2, 2018, Appellant sold crack-cocaine to the same

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

confidential informant. Appellant was charged with three counts of delivery of a controlled substance and related offenses.[2] On September 19, 2019, following a bench trial, Appellant was found guilty of all charges.

On December 17, 2019, the trial court sentenced Appellant to three terms of 18 to 36′ months for each delivery offense, each to run consecutively.[3] The sentences aggregated to 54 to 108 months, and thus was Appellant ineligible for the State Motivational Boot Camp program. N.T. Sentencing, 12/17/19, at 11. During sentencing, the trial court noted Appellant had "a long history with the criminal justice system and that the majority of [his] crimes [were] drug related consistent with someone who makes a living selling drugs." *Id.* at 5. The court also "had the benefit of a pre-sentence investigation report [(PSI)] to fashion [Appellant's] sentence." *Id.* at 13. In terms of the length of Appellant's sentence and his eligibility for boot camp, the trial court stated:

> I could really max [out Appellant's sentence] . . . and give . . . a much lengthier sentence, but I don't see any purpose to doing that. I think the message gets sent with the 54 month minimum and as a result I don't think [Appellant is] eligible for the Boot

---

[2] Appellant was also charged with three counts each of criminal use of a communication facility, possession of a controlled substance, and possession with intent to deliver a controlled substance. 18 Pa.C.S. § 7512; 35 P.S. § 780-113(a)(16).

[3] The trial court also sentenced Appellant to 18 to 36 months for each of the three counts of criminal use of a communication facility, all to run concurrently with the sentences imposed for the delivery offenses. Order, 12/17/19, at 1-2.

Camp Program nor would I make him eligible for the Boot Camp Program. I think that . . . sends a different kind of message that with the fact that this is your third time and I don't believe is appropriate in light of these circumstances. . . .

*Id.* at 11. In addition, the court emphasized Appellant's prior record score of 5. *Id.* at 6-7, 9.

Appellant did not initially file a post-sentence motion or appeal following his sentencing. Appellant filed a *pro se* Post-Conviction Relief Act (PCRA)[4] petition on June 30, 2020. The trial court appointed present counsel, who filed an amended PCRA petition on September 3, 2020. On September14th, the trial court reinstated Appellant's right to file post-sentence motions and a direct appeal. On September 15th, Appellant filed a motion for reconsideration of sentence, *nunc pro tunc*, which the court denied on January 12, 2021.

Following an extension of time due to the COVID-19 pandemic, Appellant filed a timely appeal, *nunc pro tunc*, on January 21, 2021. On March 12th, Appellant filed a timely court-ordered Pa.R.A.P. 1925(b) statement. On March 30th, the trial court filed an opinion .

Appellant presents the following issue for our review:

1. Did the trial court abuse its discretion and inflict an unduly harsh sentence by imposing three crack cocaine delivery sentences consecutively, aggregating to 54 to 108 months incarceration in a State Correctional Institution, and thereby also

---

[4] 42 Pa.C.S. §§ 9541-9546.

precluding Appellant eligibility for the State Motivational Boot Camp Program?

Appellant's Brief at 6.

Appellant avers his sentence is excessive and unreasonable, because his aggregate sentence "exceeds the three-year minimum sentence requirement to be eligible for the State Motivational Boot Camp Program." Appellant's Brief at 13. Appellant maintains that his "prior record was accurately factored into the prior record score, and his specific traumatic childhood history, characteristics, and rehabilitative needs dictate concurrent sentencing[,] and more specifically support the wisdom of boot camp eligibility." *Id.* at 16. Finally, Appellant insists "[a] sentence allowing for boot camp participation would better balance the protection of society, the needs of [Appellant], and the gravity of the offense." *Id.* at 17. We conclude no relief is due.

We note the relevant standard of review for challenges of discretionary aspects of sentencing:

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion . . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing

- 4 -

court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Commonwealth v. Moury*, 992 A.2d 162, 169–70 (Pa. Super. 2010) (citation omitted).

"Where the sentencing court had the benefit of a presentence investigation report . . . , we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those consideration along with mitigating statutory factors." *Commonwealth v. Griffin*, 65 A.3d 932, 937 (Pa. Super. 2013) (citations and quotation marks omitted). In addition, a "judge shall have the discretion to exclude a defendant from [boot camp] eligibility if the judge determines that the defendant would be inappropriate for placement in a motivational boot camp." 61 Pa.C.S. § 3904(b).

Before this Court can address a discretionary challenge in sentencing, an appellant must comply with the following requirements:

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (some citations omitted).

In determining whether a substantial question exists, this Court has held:

> [A] defendant **may** raise a substantial question where he receives consecutive sentences within the guidelines if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013) (citation omitted). Ordinarily, a claim of failure to consider factors, such as rehabilitative needs, "does not raise a substantial question for our review." ***Commonwealth v. Haynes***, 125 A.3d 800, 807 (Pa. Super. 2015) (citation omitted).

In the present case, following the reinstatement of his direct appeal rights, Appellant filed a timely notice of appeal. Appellant also preserved his issues in a post-sentence motion by requesting his sentence be reduced to a 3-year minimum in order to be eligible for the Boot Camp program. ***See*** Appellant's Motion to Reconsider sentence, *Nunc Pro Tunc*, 9/15/20, at 2. In addition, Appellant's brief includes the required Rule 2119(f) concise statement of reasons relied upon for appeal. ***See*** Appellant's Brief at 10. However, Appellant's claims are that the trial court abused its discretion by imposing his sentences to run consecutively and thus precluding him from the State Motivational Boot Camp. ***See id.*** at 12, 17. These claims do not raise a substantial question. ***See Haynes***, 125 A.3d at 807; ***Dodge***, 77 A.3d at

1270. Accordingly, we do not reach the merits of Appellant's claim. **See**

**Caldwell**, 117 A.3d at 768.

Nevertheless, even if we did reach the merits, no relief is due. Here, the trial court maintains:

> [B]ased upon the type of charges in this case, to sentence [Appellant] concurrently would be to diminish the seriousness of the offense. The [c]ourt noted in the record that this was his third set of charges for this type of offense and to sentence . . . Appellant to concurrent terms would be to diminish the nature and seriousness of the crimes and create a lack of deterrent effect that prior sentences would have had on . . . Appellant's subsequent behavior.

Trial Ct. Op., 3/30/21, at 2-3. In addition, the trial court considered that "Appellant had received two . . . prior sentences to state prison, which apparently has not deterred his drug dealing behavior. The [c]ourt found that to make him eligible for Boot Camp would have given him the chance at a lesser sentence for repeated behaviors and therefore it was not appropriate." **Id.** at 3. Finally, the court noted it considered the PSI during sentencing. **Id.** at 4.

Mindful that sentencing is a matter vested in the sound discretion of the trial court, and finding no showing of manifest abuse, we conclude the trial court did not abuse its discretion in rendering the current sentence. **See** **Moury**, 992 A.2d at 169–70. Here, the court considered Appellant's PSI during sentencing, and noted, on the record, his history of convictions. **See** Trial Ct. Op. at 3-4; **Griffin**, 65 A.3d at 937. In addition, the court explained, on the record, its reasons for not making Appellant eligible for the Boot Camp

program.  **See** N.T. Sentencing, 12/17/19, at 11.  As such, we conclude the trial court was within its discretion to impose the sentences to run consecutively and to preclude boot camp eligibility.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/16/2021